**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PHIL BUSCH, ) | |
|        Plaintiff, ) | |
| vs. ) | No. 3:16-CV-1378-L-BH |
| ) | |
| CPS, et. al, ) | |
|        Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

On May 19, 2016, the plaintiff filed a civil rights action against various individuals, including employees of Child Protective Services, well-known ministers, a presidential candidate, and an attorney. (*See* doc. 3.) On that date, he was provided with the Court's Instructions to a Non-Prisoner Pro Se Plaintiff.  (doc. 2.)  It specifically states:

> **2.**     **Address Change -** You must notify the Court if your address changes, or your case may be dismissed.  If you are an ECF user, follow the procedures in the ECF Administrative Procedures Manual to update your address.  If you are not an ECF user, promptly file a written change of address notice in your case.

(*Id.*) On June 6, 2016, the Court entered an order granting the plaintiff's motion to proceed *in forma pauperis* (IFP) that again specifically advised that he was required to notify the Court of any change of address, and that failure to do so could result in dismissal of the case. (*See* doc. 6). That order, which was mailed to the address provided by the Plaintiff, was returned as undeliverable on June 21, 2016. (*See* doc. 7.)  It appears that the plaintiff has changed addresses without notifying the Court as directed.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The instructions and order dated June 6, 2016, both advised the plaintiff that failing to file a change of address could result in dismissal of this action. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, his case should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court.

**SIGNED this 23rd day of June, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE